**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**EVANSVILLE DIVISION**

| | |
|---|---|
| **CHARLOTTE FARRAR, individually** | ) |
| **And on behalf of those similarly** | ) |
| **situated,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) **CAUSE NO.: 3:17-cv-79** |
| **v.** | ) |
| | ) |
| **APEX BEHAVIORAL SERVICES, LLP** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT AND REQUEST FOR JURY TRIAL

### I.  NATURE OF THE CASE

1.      Plaintiff, Charlotte Farrar ("Farrar"), individually and on behalf of those similarly situated, by counsel, brings this action against Defendant, Indiana Safety Co., Inc. ("Defendant") alleging failure to pay overtime wages in violation of the Fair Labor and Standards Act ("FLSA), 29 U.S.C. § 201 *et seq*. and for violations of Indiana law.

### II.  PARTIES

2.      Farrar is a citizen of Vanderburgh County, Indiana and has resided within the geographic boundaries of the Southern District of Indiana at all relevant times.

3.      Defendant maintains offices and conducts business within the geographic confines of the Southern District of Indiana.

### III.  JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5.      Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d).

6.      Plaintiff is an "employee" as that term is defined by 29 U.S.C. §203(e)(1).

7.      Defendant is subject to the FLSA because its employees are domestic workers, engaged in interstate commerce and/or Defendant generates an annual gross volume of sales made or business done in excess of $500,000.00.

8.      This Court has supplemental jurisdiction over Farrar's Indiana state law claim pursuant to 28 U.S.C. §1367.

9.      All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus venue is proper in this Court.

### IV.      FACTUAL ALLEGATIONS

10**.**      Defendant provides services to intellectually and developmentally disabled individuals, including behavioral services, recreational services, and respite care. Defendant employs numerous Direct Support Professionals, who provide direct care to clients in their homes and the community.

11.      Defendant hired Farrar on or about May 5, 2015, and Farrar works as a Lead/Direct Support Professional.  Farrar earns $13.00 per hour when working as a Lead and $11.25 per hour when working as a Direct Support Professional.

12.      On January 1, 2015, the Department of Labor issued new regulations which defined companionship services so that many direct care workers, including Plaintiff, were covered by the FLSA.  Third party employers, including Defendant, are not entitled to claim either the companionship services or live-in domestic service employee exemptions under the FLSA.

13.       At all times relevant, Farrar was a non-exempt employee who was entitled to be paid time and a half for hours over forty worked in any workweek.

14.     Defendant regularly required Farrar to work over forty hours per week without paying her overtime pay.  Beginning in or about January 2017, Defendant began paying Farrar time and one-half for hours worked over forty in any workweek.  Defendant, however, failed to pay overtime for hours worked prior to January 2017.

15.     Plaintiff is similarly situated to Defendant's Direct Support Professionals (or their functional equivalents) in that the common practice and policy of not paying overtime at a rate of not less than one and one-half times their regular rate of pay affected all current and former Direct Support Professionals (or their functional equivalents) who worked for Defendant ("Members of the Class").

16.     Plaintiff is similarly situated to the Members of the Class because they all were primarily responsible for providing direct care to clients in their homes and the community and they were all subject to Defendant's unlawful policy and practice of refusing to pay overtime wages for work performed in excess of forty hours.

17.     Defendant's failure to pay overtime compensation as required by the FLSA results from a policy or practice applicable to Plaintiff and the Members of the Class. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied to all Members of the Class. Accordingly, the class is properly defined as:  *All current and former Direct Care Professionals (or their functional equivalents) who have worked for Defendant.*

18.     Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to properly pay wages and overtime compensation with respect to Plaintiff and the Members of the Class.

## V. <u>Legal Allegations</u>

### <u>Count I: FLSA - Failure to Pay Overtime Wages</u>

19.    Farrar hereby incorporates paragraphs one (1) through eighteen (18) of her Complaint as if the same were set forth at length herein.

20.    Farrar and Members of the Class are non-exempt employees of Defendant who engaged in commerce and/or in an enterprise engaged in commerce.

21.    Defendant intentionally and willfully failed to compensate Farrar and Members of the Class at least one and one-half times their hourly rate of pay for time they spend performing work-related duties in excess of a workweek of forty hours.

22.    Farrar and Members of the Class are entitled to recover from Defendant all compensation which they earned, as well as liquidated damages pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*

23.    Defendant's actions in denying Farrar and Members of the Class compensation are intentional, willful, and/or done with reckless disregard for their statutory rights.

### <u>Count II- Failure to Pay Wages under Indiana Law</u>

24.    Plaintiff hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint as if the same were set forth at length herein.

25.    The Defendant failed to pay the wages or compensation due to Farrar and Members of the Class on the next usual and regular day for payment of wages, or the regular pay day for the pay period during her employment in violation of Indiana law.

26.    The Defendant has failed for ten (10) days after demand of payment was made to pay Plaintiff for her labor.

27.    Plaintiff has suffered damages as a result of the Defendant's failure to pay.

## <u>COUNT III - UNJUST ENRICHMENT</u>

28.     Farrar hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint as if the same were set forth at length herein.

29.     The Defendant has failed and/or refused to pay wages due to Farrar and Members of the Class for their labor and services rendered during their tenure as an employee of the Defendant.

30.     The Defendant has been unjustly enriched by keeping funds which are the property of the Plaintiff and Members of the Class.

## VI.     <u>REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Charlotte Farrar, and all employees similarly situated who join this action, respectfully requests that this Court enter judgment in their favor and award the following relief:

1. Payment to Plaintiff (and those who have joined the suit) of all unpaid wages and overtime compensation;

2. Payment to Plaintiff (and those who have joined the suit) of liquidated damages for all unpaid wages and overtime compensation;

3. Payment to Plaintiff (and those who have joined the suit) of punitive damages for Defendant's failures and/or malice and willful actions;

4. Payment to Plaintiff (and those who have joined the suit) of compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

5. Order injunctive relief sufficient to insure that Defendant ceases and desists from further unlawful employment practices in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*;

6.  Order Defendant to pay pre-judgment and post-judgment interest to Plaintiffs (and those who join the suit);

7.  Order Defendant to pay Plaintiff's (and those who join the suit) costs and attorney fees; and

8.  Order all other relief this Court deems just and proper.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger _____
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone:     (812) 424-1000
Facsimile:     (812) 424-1005
Email:         kfb@bdlegal.com
               lberger@bdlegal.com

Attorneys for Plaintiff, Charlotte Farrar

## DEMAND FOR JURY TRIAL

Plaintiff, Charlotte Farrar, individually and on behalf of those similarly-situated, by

counsel, requests a trial by jury on all issues deemed so triable.


Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Lauren E. Berger
Kyle F. Biesecker, Attorney No. 24095-49
Lauren E. Berger, Attorney No. 29826-19
411 Main Street
Evansville, IN 47708
Telephone:     (812) 424-1000
Facsimile:      (812) 424-1005
Email: kfb@bdlegal.com
                    lberger@bdlegal.com

Attorneys for Plaintiff, Charlotte Farrar