UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CHARLOTTE FARRAR, individually and on behalf of those similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 3:17-cv-79-WTL-MPB ) |
| APEX BEHAVIORAL SERVICES, LLP, | ) ) ) |
| Defendant. | ) |

### ENTRY ON AGREED MOTION FOR APPROVAL

This cause is before the Court on the parties' Agreed Motion for Approval and to Facilitate Notice to Collective Plaintiffs Pursuant to 29 U.S.C. § 216(b) (Dkt. No. 29). For the reasons set forth below, the motion is **DENIED**, without prejudice to refile the motion consistent with this Entry. The earlier motion for approval (Dkt. No. 22) is also **DENIED**, as it was mooted by the filing of the agreed motion.

The Court notes the following issues with the proposed Notice submitted by the parties for approval:

1. The Notice states that it is addressed to the following groups:

    All current and former Apex Behavioral Services, LLP employees who held hourly non-exempt positions as "Direct Support Professionals" or other functionally equivalent positions who worked from January 1, 2015 to September 30, 2015; and

    All current and former Apex Behavioral Services, LLP employees who held hourly non-exempt positions as "Home Manager" and/or "Lead" or other functionally equivalent positions who worked from January 1, 2015 to September 30, 2016.

    Dkt. No. 29-1 at 1. The Court does not know what "other functionally equivalent positions" means in this context and, more importantly, suspects that those receiving

the Notice also would not know. In their motion, the parties state that the notice will be sent to people who "held the titles of 'Home Manager' and/or 'Lead' from January 1, 2015 through September 30, 2016; and/or Only held the title of 'Direct Support Professional' from January 1, 2015 through September 30, 2015." Dkt. No. XX at XX. The Notice should be consistent with this agreement by the parties and all references to "functionally equivalent positions" should be removed throughout.

2. The proposed notice contains the statement: "THIS NOTICE MAY AFFECT YOUR LEGAL RIGHTS." The notice itself has no effect on anyone's legal rights. A better statement would be "THIS NOTICE INFORMS YOU OF YOUR LEGAL RIGHTS." Similarly, in paragraph 1 the statement that the collective action "may affect the rights . . ." is confusing, as it is likely to suggest to a layperson that the collective action operates like a class action, with which they are probably more familiar. Also in paragraph 1, the Court does not believe the case is about people who were "not paid straight time or overtime wages," but rather people who allegedly were not paid straight time or overtime wages for all hours worked. Paragraph 1 should instead read:

> The purpose of this Notice is to advise you that you may be a potential plaintiff in a case pending in the United States District Court for the Southern District of Indiana, which is a collective action brought pursuant to the Fair Labor Standards Act (FLSA) against Apex Behavioral Services, LLP. This notice is further to advise you how to join this lawsuit if you wish to do so and what obligations you may incur if you decide to join the lawsuit.

3. It is not clear to the Court why the Notice contains the contact information for defense counsel, as there is no reason for potential plaintiffs to contact defense counsel.

4. The Notice uses "attorney fees," "attorneys' fees," and "attorney's fees." One should be used for the sake of consistency.

5. Paragraphs 2 and 3 suggest that a plaintiff could opt in to this suit but choose to be represented by separate counsel. The Court suggests that the Notice should inform putative plaintiffs that they may opt in, and thereby be represented by class counsel, they may file a separate lawsuit on their own behalf, or they may do nothing. Permitting putative plaintiffs to opt in but hire separate counsel to proceed in this case would unnecessarily complicate this case.

6. In paragraph 3A, the Court is not certain what the following italicized language means: "If you choose to join in the action and be represented by these attorneys, they will represent you *on a contingent fee basis as part of any attorney's fees awarded by the Court. . . .*" This paragraph should be rewritten to clearly explain how and under what circumstances plaintiffs' counsel will receive payment in this case.

7. The sentence that comprises paragraph 3B should read: "It is entirely your own voluntary decision and right whether to opt in and become a plaintiff in this case, do nothing, or file your own separate lawsuit with another attorney." The sentence should be moved to the end of paragraph 2; it does not fit under paragraph 3, which is entitled "Rights and Obligations of Additional Plaintiffs" and should be limited to that topic.

8. In paragraph 4, a date certain should be given for the date by which opt-in forms must be postmarked. A date certain should replace the text at the end of paragraph 5B as

well.  In addition, the Consent Form should be modified to include at the bottom, in bold type, the date by which it must be postmarked.

9. The text in paragraph 5B prior to counsel's contact information should read:

> Any questions that you may have concerning this Notice should not be directed to the Court, but should be directed to counsel for the plaintiffs, Kyle Biesecker and Lauren Berger, whose contact information is listed below.  Additionally, if you decide to opt-in to this case, any questions you have about the case also should be directed to Mr. Biesecker or Ms. Berger, and you must notify them of any changes to your email address, address, or telephone number during the course of the case.

The sentence immediately following counsel's contact information should be deleted, as it suggests that persons who do not opt-in might nonetheless be affected by the outcome of this case.

If counsel agree with the changes set forth above, they should include them in the Notice submitted with any amended motion for approval.  If they do not, they should include an explanation of their position in any amended motion.

SO ORDERED:        9/29/17

*William T Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification